```
 1  Gretchen M. Nelson (Cal. Bar No. 112566)
    KREINDLER & KREINDLER LLP
 2  707 Wilshire Blvd., Suite 5070
 3  Los Angeles, CA 90017
    Tel.: (213) 622-6469
 4  Fax: (213) 622-6019
         -and-
 5  Robert J. Spragg, pro hac vice
 6  Hilary B. Taylor (Cal. Bar No. 203796)
    KREINDLER & KREINDLER LLP
 7  100 Park Avenue, 18th Floor
    New York, NY 10017
 8  Tel.: (212) 687-8181
 9  Fax: (212) 972-9432

10  Attorneys for Plaintiffs
11
    Charles L. Coleman, III (Cal. Bar No.65496)
12  Chung-Han Lee (Cal. Bar No. 231950)
    HOLLAND & KNIGHT LLP
13  50 California Street, 28th Floor
    San Francisco, CA 94111-4624
14  Tel: (415) 743-6900
15  Fax: (415) 743-6910

16  Attorneys for Defendant Société Air France
```

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAJED ABDEEN KARABALA, individually and on behalf of her minor child, AHMAD THABET KARABALA; AMAL KARABALA, individually and on behalf of her minor children, YOUSEF KARABALA and MOHAMMAD KARABALA; and NOOR KARABALA,<br><br>Plaintiffs,<br><br>v.<br><br>GROUPE AIR FRANCE-KLM and SOCIETE AIR FRANCE,<br><br>Defendants. | Civ. No. C 06-04665 JSW (JL)<br><br>**STIPULATION FOR HANDLING OF CONFIDENTIAL DOCUMENTS AND INFORMATION; [PROPOSED] PROTECTIVE ORDER** |

Stipulation and Protective Order     1     Case No. C 06-04665 JSW (JL)

WHEREAS, counsel for plaintiffs Majed Abdeen Karabala, et al. ("Karabala plaintiffs"), and counsel for defendant Société Air France ("Air France") (collectively, "the Parties") have conferred regarding the confidential status of certain documents that may be otherwise discoverable in these proceedings; and

WHEREAS, the Parties agree that discovery in this matter will be facilitated by a stipulation and Order whereby documents that are properly designated by one party as being "Confidential" will be protected from public disclosure in these proceedings absent a further order of this Court; and

WHEREAS the Parties agree that good cause exists for the issuance of an Order by this Court to protect the confidentiality of certain documents and information under the criteria set out below, including documents and information that should be treated as confidential because of: (a) Their status as proprietary, competitively sensitive and/or trade secret information; and/or (b) Their status as information of a personal nature not otherwise known to the general public (such as personnel information or personal health information); and

WHEREAS the Parties have read and considered the proposed protective order set out below and agree that it will meet the respective legitimate needs of the parties to protect the confidentiality of certain documents and information;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AS FOLLOWS BETWEEN THE PARTIES AND THE COURT IS RESPECTFULLY REQUESTED TO SO ORDER:**

1. **Purpose of this Stipulation and Protective Order**. The purpose of this Stipulation and Protective Order is to provide a means for limiting access to, use, and disclosure of Confidential Information that is produced in this action, while encouraging limited disclosure of this information in a manner which preserves the commercial value and/or confidentiality of that information.

2. **Definition of Confidential Information**. "Confidential Information" is information which a party or third person believes in good faith embodies trade secret information or other sensitive business or competitive information not otherwise available to the general public or to competitors, including, without limitation, confidential business information, customer

information, employee information, financial, commercial, operational, competitively-sensitive or personal information (including but not limited to personal medical information).

**3.** **Designation of Confidential Information.** Any Party, and anyone who produces documents or computer media or gives testimony in this action, may designate information as Confidential Information if it meets the definition stated in Paragraph 2.

   **(a)** **Designation of Documents.** Any "document" (defined herein as including, but not necessarily limited to: exhibits, documents and things, including prototypes and samples, answers to discovery such as interrogatories and responses to requests for admissions, motions, briefs, memoranda, deposition or hearing transcripts and oral answers to deposition questions, and copies of any of the foregoing) produced or given by any party or person during discovery, hearings or trial in this case which sets forth or contains any Confidential Information (as defined above) may be designated by a party or other producing person with the notation that it is "Confidential." The notation "Confidential" shall be placed on every page of each document so designated.

   **(b)** **Designation of Computer Media.** Any Confidential Information produced on magnetic disks or other computer-related media (defined herein as including, but not necessarily limited to: e-mail, CD-ROM, CD-R, backup tapes, floppy diskettes and hard drives) may be designated as Confidential Information by labeling each item of electronic information ("EI") "Confidential" prior to production. In the event a non-producing party generates any "hard copy" or printout from any EI, such party must immediately stamp each page "Confidential," as appropriate, and the hard copy or printout shall be treated as provided herein for such categories.

   **(c)** **Designation of Deposition Testimony.** Deposition testimony may be designated as Confidential Information by oral designation on the record. The person making the designation shall instruct the court reporter to separately bind the portions of the deposition transcript designated as Confidential Information and to stamp the words "Confidential" on each page as designated on the record.

   **(d)** **Subsequent Designation.** Documents and EI may be designated as Confidential Information pursuant to (a) and (b) above, or the designation may be changed after production and deposition testimony may be designated as Confidential Information pursuant to (c) above, or the

designation may be changed after the testimony has been given. Such retrospective designation shall be made only under the following conditions:

    (i)    Persons to whom such documents, EI or testimony have been disclosed must be advised in writing, with affirmative acknowledgment of receipt in writing within ten (10) days of the new designation;

    (ii)    The new designation applies only as of the date and time of receipt of notice of each person notified;

    (iii)    Persons to whom such documents, EI or testimony have been disclosed shall not be responsible for any disclosure inconsistent with the new designation occurring before receipt of the notice described in Paragraph 3(d)(i); and,

    (iv)    Persons to whom such documents, EI or testimony have been disclosed must be provided by the designating party with another copy of the documents, EI, or deposition testimony that bears the new designation within ten (10) days of the date of written notice of the new designation. Upon receipt of a copy of the documents, EI, or deposition testimony bearing the new designation, the receiving party(ies) shall promptly destroy all copies of such documents, EI or deposition testimony not bearing the new designation.

    4.    **Procedure to Contest Designation of Information as Confidential**. There is no obligation to challenge the propriety of a Confidential designation at the time made and a failure to do so shall not preclude a subsequent challenge thereto. Except where circumstances do not reasonably permit, all challenges to the propriety of a Confidential designation shall first be made to the designating party in a writing identifying with specificity the material challenged. Within seven (7) business days of the designating party's receipt such a challenge, the parties shall confer in good faith in an attempt to resolve the dispute pursuant to Rules 26(c) and 37 of the Federal Rules of Civil Procedure. If the dispute cannot be resolved, the designating party may seek appropriate relief from the Court by duly-noticed motion filed within five (5) business days of the completion of the Rule 26(c) conference. During the pendency of the motion, the parties shall continue to treat the disputed documents as Confidential.

**5. Persons to Whom Confidential Information May Be Disclosed: Change of Designation**

(a) Documents or other information designated "Confidential" shall be available only to (i) counsel for the receiving party (in-house or outside), such counsel's paralegals, secretarial and clerical personnel, independent consultants and experts retained by such counsel for assistance with respect to this litigation; and (ii) the party himself, if an individual, and to the management team of each corporate party.

(b) Each person to whom Confidential Information is disclosed shall, before such disclosure, agree to be bound by this Protective Order by signing a copy of the Acknowledgement and Agreement to be Bound attached hereto as Exhibit A.

(c) Confidential Information may be disclosed to anyone authorized by prior written consent of the designating party or non-party and all other parties to this action. If an attorney for any party in the action desires to give, show, make available or communicate any information designated "Confidential" to a person not authorized by paragraph 4(a) to receive Confidential Information, the attorney shall seek the consent of the opposing party through opposing counsel. If the party or nonparty who designated the document refuses to give its consent, it must state its reasons in a writing postmarked within ten (10) working days of receiving the notice of intent to disclose. Thereafter, the parties and/or non-parties shall meet and confer to attempt to resolve the reasons for withholding consent. If an agreement cannot be reached, the party desiring disclosure of the Confidential Information may petition the Court for an order allowing disclosure and such disclosure would be limited by the provisions of this Protective Order.

(d) Subject to the provisions of paragraph 4(c) above, deposition transcripts containing Confidential Information may be shown to the deponent for the purpose of correction, but the deponent may not retain a copy of the transcript unless (s)he agrees to be bound by this Protective Order by signing a copy of the Acknowledgement and Agreement to be Bound.

(e) **Exception:** The limitations on disclosure of Confidential Information contained in this Protective Order shall not apply to the disclosure of documents, or the contents thereof, to persons who were the authors or addressees of those documents or who are shown as having

received copies, provided however, that if such persons are to be shown any document containing Confidential Information other than the documents they authored or received, that they be required to review this Protective Order and execute the Acknowledgement and Agreement to be Bound in the form attached hereto as Exhibit A prior to being provided with that Confidential Information.

6. **Custody, Control and Limited Use of Confidential Information.**

(a) No person to whom Confidential Information is disclosed shall use that information (excluding such information as is derived lawfully from an independent source) for any purpose other than the prosecution or defense of this action. Information that is designated as Confidential Information may not be disclosed except as provided by this Protective Order; however, nothing herein shall affect the right of a party or other person to use or disclose its own Confidential Information as it sees fit.

7. **Copies, Extracts, Summaries and Memoranda**. This Protective Order shall apply to copies, extracts and summaries of documents or deposition testimony designated as Confidential Information, and shall apply to portions of Memoranda filed with the Court that contain Confidential Information. Nothing contained in this paragraph is intended to pertain to, or dilute, any information protected by the attorney–client privilege or the attorney work-product doctrine.

8. **Filing Confidential Information with the Court.** Any party that wishes to file or present "Confidential" documents or information under seal shall obtain a Court Order pursuant to the procedures set forth in Civil Local Rule 79-5. All "Confidential" documents or information shall be filed or presented in a sealed envelope with a cover sheet identifying the documents or information and bearing the legend "Filed Under Seal Pursuant to Court Order."

9. **Unauthorized Disclosure.** Should information designated as "Confidential" be disclosed, through inadvertence or otherwise, to any person or party not authorized under this Protective Order, then the disclosing party shall use its best efforts to bind such person to the terms of this Protective Order; and the disclosing party shall (a) promptly inform such person of all the provisions of this Protective Order; (b) identify such person immediately to the party or nonparty that designated the document as Confidential Information; and (c) request such person to sign the Acknowledgement and Agreement to be Bound in the form attached hereto as Exhibit A. The

executed Acknowledgement and Agreement to be Bound shall promptly be served upon the party or nonparty designating the information as Confidential Information.

**10. Return of Confidential Information: Survival.** Within sixty (60) days of the conclusion of this action, including any appellate proceedings, each document, EI and deposition transcript previously designated as Confidential Information, and all copies thereof, shall be returned to the person who made the designation if return has been requested in writing or alternatively the party receiving such material may destroy it and certify its destruction as provided herein. This action shall be deemed concluded upon the entry of a final non-appealable order dismissing the action, the entry of a final non-appealable judgment in favor of either party, or when the time to appeal an order providing a final disposition of the action has passed and no appeal has been filed. Attorney work-product, attorney-client communications, notes or other information derived from the Confidential Information shall be either retained by the receiving party subject to the provisions of this Protective Order or destroyed. Each document, EI and deposition transcript designated as Confidential Information and filed with the Court under seal shall be retrieved, if possible, by the person who filed it, and shall then be returned to the person who made the designation or destroyed. The designating party shall not destroy any information returned to it for at least two (2) years, at which time such information may be destroyed. The obligations of the parties hereto, and of any person to whom Confidential Information is disclosed, shall survive the termination of this action unless otherwise expressly agreed to by all parties and ordered by the Court. Compliance with this paragraph shall be confirmed in an affidavit signed under penalty of perjury by all counsel of record for the respective parties. Conclusion as used in this paragraph is defined to mean entry of a final non-appealable order adjudicating the liabilities of the parties to this litigation.

**11. Modification: Jurisdiction.** This Protective Order is entirely without prejudice to the right of anyone to apply to the Court for an order modifying this Protective Order in any respect. The Court retains jurisdiction, even after termination of this action, to enforce this Protective Order and to make such amendments, modifications, deletions and additions to this Protective Order as the Court may from time to time deem appropriate.

12. **No Implied Waiver or Admission.** No party shall be obligated to challenge the propriety of any designation of Confidential Information by another party or person and the failure to do so shall not constitute a waiver or otherwise preclude a subsequent challenge to the designation. Treatment of the designated information in conformity with this Stipulation and Protective Order shall not be construed as an admission or agreement that the designated information constitutes trade secrets or confidential information as defined by statutory or case law.

**IT IS SO AGREED AND STIPULATED:**

| KREINDLER & KREINDLER LLP | HOLLAND & KNIGHT LLP |
|---|---|
| By: Robert J. Spragg, Pro Hac Vice | By: Chung-Han Lee |
| Date: 1/12/07 | Date: 1/12/07 |
| Attorneys for Plaintiffs<br>MAJED ABDEEN KARABALA,<br>AHMAD THABET KARABALA;<br>AMAL KARABALA, YOUSEF<br>KARABALA MOHAMMAD KARABALA;<br>and NOOR KARABALA | Attorneys for Defendant<br>SOCIETE AIR FRANCE |

**IT IS SO ORDERED.**

Dated: January 18, 2007

_____
UNITED STATES DISTRICT JUDGE

---

Stipulation and Protective Order     8     Case No. C 06-04665 JSW (JL)

# EXHIBIT A

**If signing as an individual:**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

Case: *Majed Abdeen Karabala et al. v. Société Air France*

I, _____, declare under penalty of perjury that I have read in its entirety the Protective Order in the above-referenced action, and I agree to adhere to and be bound by its terms.

SIGNED: _____

DATE: _____

**If signing on behalf of an entity:**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

Case: *Majed Abdeen Karabala et al. v. Société Air France*

I, _____, declare under penalty of perjury that I am the _____ of _____ and as such I am authorized to act on its behalf with respect to the Protective Order in the above-referenced action. I have read in its entirety the Protective Order, and _____ agrees to adhere to and be bound by its terms.

SIGNED: _____

TITLE: _____

DATE: _____

# 4279531_v1