Gretchen M. Nelson (Cal. Bar No. 112566)
KREINDLER & KREINDLER LLP
707 Wilshire Blvd., Suite 5070
Los Angeles, CA 90017
Tel.: (213) 622-6469
Fax: (213) 622-6019
    -and-
Robert J. Spragg, *pro hac vice*
Hilary B. Taylor (Cal. Bar No. 203796)
KREINDLER & KREINDLER LLP
100 Park Avenue, 18th Floor
New York, NY 10017
Tel.: (212) 687-8181
Fax: (212) 972-9432

*Attorneys for Plaintiffs*

Charles L. Coleman, III (Cal. Bar No.65496)
Chung-Han Lee (Cal. Bar No. 231950)
HOLLAND & KNIGHT LLP
50 California Street, 28th Floor
San Francisco, CA 94111-4624
Tel: (415) 743-6900
Fax: (415) 743-6910

*Attorneys for Defendant Société Air France*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| MAJED ABDEEN KARABALA, individually and on behalf of her minor child, AHMAD THABET KARABALA; AMAL KARABALA, individually and on behalf of her minor children, YOUSEF KARABALA and MOHAMMAD KARABALA; and NOOR KARABALA,<br><br>                    Plaintiffs,<br><br>       v.<br><br>GROUPE AIR FRANCE-KLM and SOCIETE AIR FRANCE,<br><br>                    Defendants. | Civ. No. C 06-04665 JSW (JL)<br><br>STIPULATION REGARDING CERTAIN CLAIMS AND DEFENSES; [~~PROPOSED~~] ORDER |

It is hereby stipulated and agreed by and between plaintiffs MAJED ABDEEN KARABALA, individually and on behalf of her minor child, AHMAD THABET KARABALA; AMAL KARABALA, individually and on behalf of her minor children, YOUSEF KARABALA and MOHAMMAD KARABALA; and NOOR KARABALA ("Plaintiffs"), and defendant SOCIÉTÉ AIR FRANCE ("Defendant"), by and through their respective undersigned attorneys, as follows:

1. Plaintiffs' claims herein arise out of an accident at Toronto, Canada, on August 2, 2005 ("the Accident") involving an Airbus 340 aircraft ("the Aircraft") operated by Defendant as Flight 358.

2. Each of the parties hereto acknowledges that the claims made in the Complaint herein are disputed claims, that Defendant expressly denies it is responsible for the Accident or for any damages not recoverable under the Montreal Convention, that there are numerous contested issues arising out of this litigation which may result in uncertainty and extensive proceedings, that the parties are desirous of saving the time and expense of all parties and of the Court, and that this Stipulation is intended solely as a partial compromise of such disputed claims in order to expedite the fair and prompt resolution of this matter and to simplify and narrow the issues to be litigated.

3. For purposes of this action only, and in consideration of the agreements of Plaintiffs set forth herein, Defendant agrees to waive a) its defense under Article 21(2) of the Montreal Convention, pursuant to which Defendant could limit the monetary extent of its liability for damages recoverable under the Montreal Convention for Plaintiffs' bodily injuries proven to have been proximately caused by the Accident; and b) its defense under Article 20 of the Montreal Convention, pursuant to which Defendant could limit its liability amount to the extent of any contributory negligence of the Plaintiffs. In so agreeing, Defendant reserves and does not waive its right to pursue its other defenses and to contest and litigate in this action any other issue relating to the theories or elements of Plaintiffs' claims, including, but not limited to, whether the amount of any compensatory damages is proper, whether Plaintiffs' proof of damages is admissible and sufficient, whether any of the alleged damages were not caused by the

Accident, whether Plaintiffs aggravated or failed to mitigate any of the damages allegedly caused by the Accident, whether Plaintiffs may recover for each element of alleged damages, and whether a cause of action exists under the applicable law based upon the type and nature of the damages alleged.

4. In consideration for the agreement by Defendant to waive these defenses, Plaintiffs agree:

    a. That the Montreal Convention is the Plaintiffs' exclusive cause of action against the Defendant arising from the crash, under which the Defendant "is liable for damages sustained in case of death or bodily injury of a passenger" on board the aircraft and in case of the loss or damage to a passenger's personal belongings and baggage;

    b. That they will not serve any further discovery, seek further discovery responses, or to seek leave or assistance of the Court to obtain further discovery or discovery responses pertaining to the liability of the Defendant for the Accident;

    c. That they will return or destroy (and certify the return or destruction of) all documents provided to Plaintiffs by Defendant in discovery in this case; and

    d. That they will not to introduce or to seek leave of Court to introduce any evidence of Defendant's alleged culpable conduct at any trial of this action. Plaintiffs, however, reserve and do not waive their right to present a summary of the Accident to prospective jurors and the empanelled jury at the trial of this action or their right to present evidence to the jury regarding their experiences during the crash to the extent necessary to prove their claims for damages under the Montreal Convention.

5. In the event Plaintiffs and Defendant are unable to agree on the law applicable to any issue relating to Plaintiffs' compensatory damages, the question of the applicable law shall be decided by this Court.

6. The right to appeal is reserved to Plaintiffs and Defendant on all issues except for those based on rights waived or released herein.

7. The signing of this Stipulation by the Defendant is in no way to be construed as an admission of responsibility or liability by Defendant or any of its directors, officers,

3

employees, agents, insurers, subsidiaries, corporate parents, or corporate affiliates for the Accident, said responsibility and liability being expressly denied by Defendant, nor is the signing of this Stipulation by the Defendant in any way to be construed as an admission by Defendant that Plaintiffs' provable, recoverable damages for bodily injuries in this action approach or exceed the limits referred to in Article 21 of the Montreal Convention. This Stipulation is solely and unconditionally intended to accomplish, without reference to fault or responsibility, the fair and expeditious compensation of Plaintiffs for their recoverable compensatory damages and nothing contained herein should be construed to the contrary.

8. Defendant's agreements herein, including its agreement to waive its defenses under Articles 20 and 21(2) of the Montreal Convention are, at the option of Defendant, limited to this action only and shall not affect the rights of Defendant in any other litigation or proceeding arising out of the Accident, now pending or hereafter brought, or in any other litigation or proceeding, including, without limitation, any action arising out of the Accident between a plaintiff not a party to this Stipulation and Defendant.

9. The signing of this Stipulation by the parties hereto and (a) the absence of a judgment (if there is no trial) or (b) the entry of judgment after verdict (if a trial takes place) in no way adversely affects the rights of recourse of Defendant to recover contribution and/or indemnity from anyone who caused or may have contributed to the cause of the Accident, which rights are preserved.

Respectfully submitted,

Dated: February 6, 2007

KREINDLER & KREINDLER LLP

Gretchen M. Nelson (Cal. Bar No. 112566)
Robert J. Spragg, *pro hac vice*
Hilary B. Taylor (Cal. Bar No. 203796)
KREINDLER & KREINDLER LLP
100 Park Avenue, 18th Floor
New York, NY 10017
Tel.: (212) 687-8181
Fax: (212) 972-9432
Attorneys for Plaintiffs

Dated: February 9, 2007        HOLLAND & KNIGHT LLP

*[signature]*
_____
Charles L. Coleman, III (State Bar No. 65496)
Chung-Han Lee (State Bar No. 231950)
HOLLAND & KNIGHT LLP
50 California Street, 28th Floor
San Francisco, CA 94111-4624
Tel: (415) 743-6900
Fax: (415) 743-6910

Attorneys for Defendant

**IT IS SO ORDERED.**

Dated: February 14, 2007

*[signature: Jeffrey S White]*
_____
THE HONORABLE JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

# 4295341_v3